UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Strange Victory, Inc.,

           Plaintiff,

    v.

NBCUniversal Media, LLC,

           Defendant.

Case No.: 1:23-cv-05289-NRB

**FIRST AMENDED COMPLAINT**

Plaintiff Strange Victory, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its First Amended Complaint against Defendant NBCUniversal Media, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff owns the rights to a certain photograph of Christine Baranski and Elon Musk at the 2022 Met Gala in New York City (the "*Photograph*") which Plaintiff licenses for various uses including television, online and print publications.

3. Defendant is a media company which produces and disseminates televised productions including the "Late Night with Seth Meyers" (the "*Television Production*").

4. Defendant owns and operates a website at domain www.nbc.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph in the Television Production as well as on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

6. Plaintiff is a Maryland corporation that maintains a principal place of business in Baltimore City County, Maryland.

1

7. Upon information and belief, Defendant is a Delaware limited liability company with a principal place of business at 30 Rockefeller Plaza, Manhattan in New York City, New York.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A.   Plaintiff's Copyright Ownership**

11. Plaintiff is the legal and rightful owner of photographs which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. On May 4, 2022, Sinna Nasseri ("*Nasseri*") authored the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

16. Nasseri is a principal of Plaintiff.

17. In creating the Photograph, Nasseri personally selected the subject matter, timing, lighting, angle, perspective, depth, focal point, resolution, ISO, white balance, as well as the lens

2

and camera equipment used to capture the image. Nasseri also framed the shot at the exact moment to capture Elon Musk and Christine Baranski in an interesting encounter as Baranski gave Musk a disparaging glare.

18. Plaintiff acquired the rights to the Photograph from Nasseri by written assignment.

19. On August 2, 2022, the Photograph was registered by the USCO under Registration No. VA 2-314-346.

20. Nasseri created the Photograph with the intention of it being used commercially by Plaintiff for the purpose of display and/or public distribution.

21. The Photograph was created as part of a series of images intended to document the 2022 Met Gala, the celebrities in attendance, their attire, as well as to record interactions among the various attendees for the purpose of being licensed to content creators for their use in various commercial projects.

22. Plaintiff first published the Photograph by commercially licensing it to "Vogue Magazine" which displayed a number of Plaintiff's photographs in an article intending to document the attendees and events that occurred at the 2022 Met Gala.

**B.    Defendant's Infringing Activity**

23. Defendant is a large commercial broadcast television and radio network.

24. Defendant produces, creates, and broadcasts various television programming in furtherance of its commercial activities.

25. Defendant is the registered owner of the Website and is responsible for its content.

26. Defendant is the operator of the Website and is responsible for its content.

27. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

28. The Website is monetized in that it sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

29. On June 13, 2022, Defendant contacted Nasseri, via Nasseri's LinkedIn Account, requesting permission to use the Photograph in the Television Production. A copy of this

communication is attached hereto collectively as Exhibit 3 (*Exhibit 3-Email #1*).

30. On or about June 13, 2022, Defendant, without permission our authorization, utilized the Photograph in its Television Production which was also displayed on the Website at https://www.nbc.com/late-night-with-seth-meyers/video/christine-baranski-on-glaring-down-elon-musk-and-the-last-season-of-the-good-fight/NBCE038597835. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

31. The Photograph was featured in the Television Production.

32. Defendant used the Photograph while interviewing Christine Baranski during the Television Production to discuss the 2022 Met Gala, the celebrities in attendance, their attire, as well as to discuss the interaction among the various attendees; specifically what was occurring during the moment captured by the Photograph.

33. Defendant's use of the Photograph during the Television Production was for a commercial purpose.

34. Defendant used the entirety of the Photograph.

35. On July 21, 2022, Nasseri, reached out to Lauren Unkel, Defendant's "Photo Researcher at Late Night with Seth Meyers," notifying Defendant of the unauthorized use of the Photograph in the hope of addressing the Infringement without the need for legal assistance. A copy of this communication is attached hereto collectively as Exhibit 3 *(Exhibit 3-Email #2)*.

36. In response to Nasseri's inquiry, Defendant informed Nasseri of a preferred license fee regarding the Infringement and the contours of a license arrangement predicated on Defendant's own preferential view of the use of the image in its Television production. A copy of this communication is attached hereto collectively as Exhibit 3 *(Exhibit 3-Email #3)*.

37. Defendant's conduct speaks to Defendant's complete disregard of the copyrights in the Photograph, namely the ability of the copyright holder to control the dissemination of its work and determine the licensing terms of same.

38. On December 6, 2022, Plaintiff, through counsel, contacted Defendant in an effort to address the unauthorized use of Plaintiff's work in the Television Production as well as on the

Website to no avail.

39. On March 13, 2023, Plaintiff, through counsel, contacted Defendant for the second time, to address the unauthorized use of Plaintiff's copyrighted material.

40. Despite the ensuing discussions, the parties were unable to resolve the instant matter.

41. The Photograph was copied and displayed by Defendant without license or permission thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

42. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant in the Television Production and on the Website.

43. Upon information and belief, Defendant takes an active and pervasive role in the content posted in its Television Production and on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

44. The Photograph was willfully and volitionally utilized in the Television Production and posted to the Website by Defendant.

45. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

46. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities in its Television Production and on its Website and exercised and/or had the right and ability to exercise such right.

47. Upon information and belief, Defendant received a financial benefit directly attributable to the Infringement.

48. Upon information and belief, the Infringement increased viewership for the Television Production as well as traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

49. Upon information and belief, a large number of people have viewed the unlawful

copies of the Photograph in the Television Production and on the Website.

50. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

51. Defendant's use of the Photograph harmed the actual market for the Photograph.

52. Defendant's use of the Photograph, if widespread, would harm, if not destroy, Plaintiff's potential market for the Photograph.

53. Defendant's use of the Photograph severely hinders the marketability for the image as persons interested in pursuing a license arrangement for the image will simply view and/or reference the Television Production.

54. The Infringement is particularly egregious in that Defendant was aware of the necessity to seek prior permission or authorization for use of the Photograph but failed to obtain a license for use of same prior to its usage.

55. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

56. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

57. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

58. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

59. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

60. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating

one of Plaintiff's exclusive rights in its copyrights.

61.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

62.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it in the Television Production and on the Website.

63.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

64.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

65.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a.   finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 29, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126451

*Attorneys for Plaintiff*